ANTONIO DECORSO, complainant-respondent,

*v.*

CONCORDIA FIRE INSURANCE COMPANY OF MILWAUKEE, defendant-appellant.

[Decided September 27th, 1934.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Bigelow, who filed the following opinion:

"Complainant is the owner of real estate encumbered by a mortgage held by defendant Magnetic Building and Loan Association. As additional security for the mortgage loan, complainant furnished a fire policy issued by the defendant Concordia Fire Insurance Company on which was endorsed the usual mortgagee clause in favor of the building and loan association. A fire occurred and the insurance company paid to the building and loan association in settlement of the loss $3,350, and took from the association an agreement subrogating the insurance company to the rights of the association under its mortgage to the extent of the payment so made. Complainant prays, among other things, that he may be credited on the mortgage with the amount of the payment by the insurance company in settlement of the loss.

"The insurance company moves to strike the bill on the ground that it does not set forth an equitable cause of action

and that the complainant has an adequate remedy at law. On the argument, defendant's counsel assumed that complainant has presented for determination an action for breach of contract, cognizable at law. But the bill of complaint does not attempt to present such a case. The insurance by force of the mortgagee clause, was payable to the mortgagee and not to complainant, and it was paid accordingly. There is no allegation that a greater sum than $3,350 should have been paid. Complainant has no remedy at law.

"It appears from the subrogation agreement, a copy of which it attached to the bill, that the insurer 'claims that as to the mortgagor no liability exists under the terms of the said policy,' and hence, its right of subrogation. Complainant disputes this claim. If complainant is correct, then the insurance money must be applied in reduction of the mortgage. Otherwise, not. *Palmer* v. *McFadden, 86 N. J. Eq. 377; 87 N. J. Eq. 347; Selray Investment Co.* v. *Massimino, 110 N. J. Eq. 300.* Complainant may assume, contrary to the assertion of defendants, that the mortgage is reduced $3,350 and may refuse to pay interest except on the reduced sum. This would provoke a foreclosure of the mortgage, and in that suit the controversy could be litigated. If complainant should succeed, very well; if not, his mistake will have caused an acceleration of the mortgage and perhaps bring about his losing the property. In his dilemma, he has filed his bill *quia timet*. This, I take it, he is clearly entitled to do. The bill presents an equitable cause of action and the motion to strike will be denied."

*Messrs. Lum, Tamblyn & Fairlie (Mr. John S. Foster,* of counsel), for the appellant.

*Messrs. McCarthy & McTague (Mr. Frank P. McCarthy,* of counsel), for the respondent.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion filed in the court of chancery by Vice-Chancellor Bigelow.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.